IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NBA PROPERTIES, INC., MLB ADVANCED MEDIA, L.P., MAJOR LEAGUE BASEBALL PROPERTIES, INC., NHL ENTERPRISES, L.P., NFL PROPERTIES LLC, COLLEGIATE LICENSING COMPANY, LLC, and BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY,<br><br>          Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>          Defendants. | Case No. 21-cv-05520<br><br>**Judge Joan B. Gottschall**<br><br>**Magistrate Judge David Weisman** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

    Plaintiffs submit this Memorandum of Law in support of their Motion for Entry of a Preliminary Injunction.

**MEMORANDUM OF LAW**

**I.  INTRODUCTION**

Plaintiffs NBA Properties, Inc. ("NBAP"), MLB Advanced Media, L.P. ("MLBAM"), Major League Baseball Properties, Inc. ("MLBP"), NHL Enterprises, L.P. ("NHLE"), NFL Properties LLC ("NFLP"), Collegiate Licensing Company, LLC, formerly IMG College Licensing, LLC ("CLC"), and Board of Trustees of Michigan State University ("MSU"), collectively "Plaintiffs," bring the present action against the defendants identified on Schedule A to the Amended Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I) and false designation of origin (Count II). As alleged in Plaintiffs' Amended Complaint [41], the Defendants are promoting, advertising, distributing, offering for sale, and selling products using counterfeits of Plaintiffs' Trademarks (the "Counterfeit Products"), through the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Amended Complaint (collectively, the "Seller Aliases").

**II.  STATEMENT OF FACTS**

On December 3, 2021, this Court granted Plaintiffs' Motion for Entry of a Temporary Restraining Order ("the TRO"). [47]. The TRO authorized Plaintiffs to provide notice of the preliminary injunction hearing to Defendants by electronically publishing a link to the Amended Complaint, the TRO and other relevant documents on a website to which the Domain Names which are transferred to Plaintiffs' control redirect, or by sending an e-mail to the e-mail addresses identified in Exhibits 1 and 2 to the Declaration of Lindsay Conn and any e-mail addresses provided for Defendants by Third Party Providers that includes a link to said website. [47] at ¶ 6. On December 16, 2021, this Court granted Plaintiffs' *Ex Parte* Motion to Extend the Temporary

---

[1] The e-commerce store urls are listed on Schedule A to the Amended Complaint under the Online Marketplaces and Domain Names.

1

Restraining Order through December 31, 2021. [53]. Since and pursuant to entry of the TRO, financial accounts associated with the Seller Aliases have been frozen and third parties have provided mailing addresses for Defendants. *See* Declaration of Allyson M. Martin (hereinafter, "Martin Declaration") at ¶ 2. In addition, Plaintiffs are in the process of requesting transfer of the Domain Names. *Id*.

Plaintiffs respectfully request that this Court convert the TRO to a preliminary injunction against Defendants.

### III. ARGUMENT

#### A. This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

#### B. The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

### 1. The Domain Name Transfer Order Remains Appropriate

Plaintiffs seek conversion of the TRO issued by this Court on December 3, 2021, allowing Plaintiffs to retain control of the Domain Names until the completion of these proceedings. To prevent the Defendants from further manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products and to provide notice to Defendants regarding these proceedings, Plaintiffs respectfully request that the injunctive relief already awarded be extended through the pendency of this case.

### 2. The Asset Restraining Order Remains Appropriate

Since entry of the TRO, AliExpress, Alibaba, Inc., Ant Financial Services Group ("Ant Financial"), and Alibaba Group Holding Ltd. (collectively, "AliExpress"), PayPal, Inc., Amazon.com, Inc., and ContextLogic Inc. d/b/a Wish.com have restrained financial accounts linked to the Seller Aliases which were offering for sale and/or selling Counterfeit Products. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in financial institutions to an offshore account. *See* Martin Declaration at ¶¶ 3-8. In addition, and as established in Plaintiffs' TRO Memorandum [12], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

### IV. CONCLUSION

In view of the foregoing, Plaintiffs respectfully request that this Court enter the preliminary injunction.

Dated this 28th day of December 2021.  Respectfully submitted,

/s/ Allyson M. Martin
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Jake M. Christensen
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
jchristensen@gbc.law

*Attorneys for Plaintiffs*
*NBA Properties, Inc., MLB Advanced Media, L.P., Major League Baseball Properties, Inc., NHL Enterprises, L.P., NFL Properties LLC, Collegiate Licensing Company, Board of Trustees of Michigan State University*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of December 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website to which the Domain Names that have been transferred to Plaintiffs' control now redirect, and I will send an e-mail to the e-mail addresses identified in Exhibits 1 and 2 to the Declaration of Lindsay Conn and any e-mail addresses provided for Defendants by Third Party Providers that includes a link to said website.

/s/ Allyson M. Martin
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Jake M. Christensen
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
jchristensen@gbc.law

*Attorneys for Plaintiffs*
*NBA Properties, Inc., MLB Advanced Media, L.P., Major League Baseball Properties, Inc., NHL Enterprises, L.P., NFL Properties LLC, Collegiate Licensing Company, Board of Trustees of Michigan State University*